IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

WORLDPAC, INC.,

    Plaintiff,

v.

INTERCO PRODUCTS CORPORATION,

    Defendant.

Civil Action File

No. 06-cv-06079-CW

## STIPULATED PROTECTIVE ORDER

    To facilitate the production and receipt of information during discovery in this action, the parties agree and stipulate, through their respective counsel or record, to the entry of the following proposed Order for the protection of confidential and trade secret information that may be produced or otherwise disclosed during the course of this action by any party or non-party:

    1.    Documents and things produced during the course of discovery deemed by the party or non-party producing or disclosing them ("the Producing Party") to contain confidential information may be designated as confidential by the producing party by marking the document or thing with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as the Producing Party deems appropriate.

    2.    Materials designated "CONFIDENTIAL", copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

    (a)    the Court and its officers;

    (b)    counsel, including in-house counsel, and employees of counsel engaged in the conduct of this action, who shall use such information solely for purposes of this litigation;

    (c)    third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent

consultant signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

(d) officers, directors or employees of the receiving party, who shall use such information solely for purposes of this litigation, provided that each such officer, director or employee signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things; and

(e) witnesses or deponents whose testimony is reasonably related to the confidential information sought to be disclosed by him or her, provided that each such witness or deponent signs a confidentiality agreement in the form attached hereto as Exhibit "A" as to confidential documents he or she is shown.

3. Materials designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY", copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a) the Court and its officers;

(b) counsel, including in-house counsel, and employees of counsel engaged in the conduct of this action, who shall use such information solely for purposes of this litigation; and

(c) third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things.

4. With regard to marking documents and things with the appropriate confidentiality classification, each page of the document which contains confidential information shall be so

marked in a prominent location and, in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.

5. Any written discovery response containing confidential information shall be marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as appropriate, and shall be bound separately from responses not containing confidential information.

6. In the event a question is asked at a deposition which calls for the disclosure of confidential information, counsel for the party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition, a statement on the record so designating such portions and by directing the reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as appropriate. Each party shall have thirty (30) days from the day on which it receives a deposition transcript to designate portions thereof in accordance with the terms of this Stipulated Protective Order.

7. Nothing contained in the foregoing paragraphs shall prohibit a party from designating any document, thing, testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" subsequent to its first disclosure or production, provided, however, that any such subsequent designation: (a) must be in writing; (b) must specifically identify the document, thing, testimony or information so designated; and (c) shall only apply to the treatment and disclosure of such documents, things, testimony or information by the receiving party after such written designation is received by the receiving party. Where the Producing Party designates information or materials "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this paragraph, the receiving party shall immediately retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this Order.

8. Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to this Stipulated Protective Order and shall promptly forward a copy thereof to counsel for the Producing Party prior to Producing Party disclosing any

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials to any receiving party not already a party to this Stipulated Protective Order.

9. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Stipulated Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

10. Nothing in this Stipulated Protective Order shall be taken as or constitute an indication or acknowledgment by the receiving party that any information, documents, testimony or things are in fact confidential or are entitled to confidential treatment. To the extent the receiving party disagrees with the designation of any information, documents, testimony or things as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY'S EYES ONLY, the party shall confer in good faith with the Producing Party in an effort to resolve the disagreement. If the parties are unable to resolve the disagreement following such good faith conference, the receiving party may seek an Order from the Court at any time thereafter determining that the information, documents, testimony or things are not entitled to the confidentiality protection signified by the confidentiality legend on the document pursuant to the terms of this Stipulated Protective Order. Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall, however, remain subject to the provisions of this Stipulated Protective Order unless and until the Court determines that such materials are not entitled to such protection.

11. All discovery materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" that are filed with the Court, and all pleadings, motions or other papers filed with the Court that contain or disclose confidential information, shall be filed in sealed envelopes bearing an appropriate legend identifying the enclosed materials and indicating their

confidential nature under the terms of this Stipulated Protective Order, and shall be kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and to persons listed in paragraphs 2 or 3 above, as appropriate given the nature of the confidentiality legend affixed to the information. Nothing in this Order shall prevent any party from using any material designated as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEY'S EYES ONLY" at trial, except as designated in the consolidated Pretrial Order.

12. Upon final termination of this litigation not subject to further appeal, each party and non-party may request the return to it of all documents or other confidential materials previously furnished to any other party, including any copies thereof, and each person or party to whom such documents or other confidential materials have been furnished or produced shall be obligated to return the same, including any copies thereof, or to dispose of the same and of any other materials containing confidential information in a manner agreeable to all parties.

13. This Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated by further Order of the Court or by agreement of the parties, and shall survive the termination of this action. The entry of this Stipulated Protective Order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.
BUT SEE LOCAL RULE 79-5.

SO ORDERED, this ___8TH___ day of ___JAN.___, 2006.

_____
UNITED STATES DISTRICT JUDGE

**STIPULATED TO BY:**

*/s/ Martin J. Elgison*

MARTIN J. ELGISON (*pro hac vice*)
ROBERT L. LEE (*pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777


COUNSEL FOR PLAINTIFF
WORLDPAC, INC.

*/s/ Kimberly B. Malerba*

KIMBERLY B. MALERBA (*pro hac vice*)
DOUGLAS COOPER (*pro hac vice*)
RUSKIN MOSCOU FALTISCHECK, P.C.
East Tower, 15th Floor
1425 Reckson Plaza
Uniondale, NY 11556-1425
Telephone: (516) 663-6679
Facsimile: (516) 663-6879


COUNSEL FOR DEFENDANT
INTERCO PRODUCTS CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WORLDPAC, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INTERCO PRODUCTS CORPORATION,<br><br>    Defendant. | Civil Action File<br><br>No. 06-cv-06079-CW |

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that I have read the Stipulated Protective Order entered on _____, 200__, in the above-styled action, that I understand the terms thereof, and that I agree to be bound by such terms.

This _____ day of _____, 200__.

Address: _____
         _____
         _____
         _____

## EXHIBIT "A"